UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRADLEY JAMES MROZEK, | No. 1:24-cv-00664-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACITON |
| v. | |
| PATRICK EATON, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER BE DENIED |
| Defendants. | |
| | (ECF No. 2) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction and/or temporary restraining order, filed June 3, 2024.

**I.**

**DISCUSSION**

Plaintiff seeks a preliminary injunction and/or temporary restraining order to ensure that he receives the necessary welding classes to graduate from the welding vocational program at Sierra Conservation Center. Plaintiff's request must be denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other staff at CDCR or Sierra Conservation Center.

Furthermore, Plaintiff is advised that there is no constitutional right to education, rehabilitation, or employment in prison. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir.1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."); Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir.1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (no right to vocational course for rehabilitation); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (general limitation of jobs and educational opportunities is not considered punishment); Hoptowit v. Ray, 682 F.2d 1237, 1254–55 (9th Cir.1982) ("there is no constitutional right to rehabilitation"); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.1977) (state has no obligation to provide prisoners with educational programs); Chapman v. Plageman, 417 F.Supp. 906, 907 (9th Cir. 1976) ("[A]n inmate has no constitutional right to any particular job status while incarcerated."); Harris v. Sivley, 951 F.2d 360 (9th Cir. 1991) ("Prisoners have no constitutional right to a prison job."); Bravot v. Cal. Dep't of Corr., No. CIVS050113-FCD-GGH-P, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position, which reinstatement he has nevertheless apparently attained at this point."); see also Rainer v. Chapman, 513 F. App'x. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did

3

not give rise to a constitutionally protected liberty or property interest"); Barno v. Ryan, 399 F. App'x. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights).

Accordingly, Plaintiff's motion for a preliminary injunction and/or temporary restraining order must be denied.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and/or temporary restraining order be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 17, 2024**

UNITED STATES MAGISTRATE JUDGE