1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | BRADLEY JAMES MROZEK,

No.  1:24-cv-00664-KES-SAB (PC)

12 |                 Plaintiff,

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CLAIMS

13 |        v.

(ECF No. 28)

14 | PATRICK EATON, et al.,

15 |                 Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18 | U.S.C. § 1983.

19          Currently before the Court is Plaintiff's second amended complaint, filed December 6,

20 | 2024.

21                                         **I.**

22                         **SCREENING REQUIREMENT**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25 | Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26 | "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

27 | "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28

1    1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

2          A complaint must contain "a short and plain statement of the claim showing that the

3    pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7    that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

8    Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

14   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

17   at 969.

18                                              **II.**

19                              **COMPLAINT ALLEGATIONS**

20         The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

21   the screening requirement under 28 U.S.C. § 1915.

22         Plaintiff was housed at the Sierra Conservation Center and assigned to vocational welding

23   training where he suffered and sustained a head injury and burns by falling metal debris.  Plaintiff

24   subsequently filed a report of unsafe work environment and thereafter he was denied access to the

25   vocational welding shop by the instructor in retaliation.  Defendant T. Isman also issued a false

26   rules violation report which was dismissed.

27         Defendant denied and interfered with Plaintiff's request for access to vocational welding

28   to complete his rehabilitative training to provide credit towards his release date.

                                              2

1

## III.

2

## DISCUSSION

3

### A.    Retaliation

4          "Prisoners have a First Amendment right to file grievances against prison officials and to

5    be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

6    (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a

7    viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

8    state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

9    conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

10   (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

11   408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must

12   establish a nexus between the retaliatory act and the protected activity.  Grenning v. Klemme, 34

13   F.Supp.3d 1144, 1153 (E.D. Wash. 2014).  Mere verbal harassment or abuse does not violate the

14   Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.

15   Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  In addition, threats do not rise to the

16   level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

17          Prisoners do not have a liberty interest in being free from false accusations of misconduct.

18   This means that the falsification of a report, even when intentional, does not alone give rise to a

19   claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate

20   has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

21   which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F.

22   Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right

23   to be free from wrongfully issued disciplinary reports[ ]").

24          However, there are two ways that allegations that an inmate has been subjected to a false

25   disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the

26   false disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2)

27   when the prisoner alleges that they were not afforded procedural due process in a proceeding

28   concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (discussing

retaliation claim against a correctional officer based upon the correctional officer's false accusations of violating a prison rule); Freeman, 808 F.2d at 951 (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same).

A plaintiff must plead facts that suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Action. Brodheim v. Cry, 584 F.3d at 1270 (9th Cir. 2009); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); see also Capp v. Cnty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) ("[P]laintiff must show that the defendant's retaliatory animus was 'a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.' ") (citation omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Watison v. Carter, 668 F.3d at 1114. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes v. Robinson, 408 F.3d at 567-68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison v. Carter, 668 F.3d at 1114. "[A]n objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.' " Brodheim v. Cry, 584 F.3d at 1271 (quoting Rhodes v. Robinson, 408 F.3d at 568-69).  Accordingly, the plaintiff need not allege an explicit, specific threat.  Brodheim v. Cry, 584 F.3d at 1270.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Watison v. Carter, 668 F.3d at 1114.

Here, liberally construed, Plaintiff's allegations are sufficient to give rise to a cognizable retaliation claim against Defendant T. Isman based on the issuance of an alleged false rules

1     violation and denial of access to vocational training because he exercised his rights under the First

2     Amendment.

3          **B.**      **Denial of Vocational Training**

4         As Plaintiff was previously advised, to the extent Plaintiff contends that he has a legal

5     right to vocational training, Plaintiff is advised that there is no constitutional right to education,

6     rehabilitation, or employment in prison. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981)

7     (deprivation of rehabilitation and educational programs does not violate Eighth Amendment);

8     Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to

9     educational or vocational opportunities during incarceration."); Beck v. Lynaugh, 842 F.2d 757,

10    762 (5th Cir.1988) ("[A] state has no constitutional obligation to provide basic educational or

11    vocational training to prisoners."); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (no right

12    to vocational course for rehabilitation); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841,

13    846 (9th Cir.1985) (general limitation of jobs and educational opportunities is not considered

14    punishment); Hoptowit v. Ray, 682 F.2d 1237, 1254–55 (9th Cir.1982) ("there is no

15    constitutional right to rehabilitation"); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.1977)

16    (state has no obligation to provide prisoners with educational programs); Chapman v. Plageman,

17    417 F.Supp. 906, 907 (9th Cir. 1976) ("[A]n inmate has no constitutional right to any particular

18    job status while incarcerated."); Harris v. Sivley, 951 F.2d 360 (9th Cir. 1991) ("Prisoners have

19    no constitutional right to a prison job."); Bravot v. Cal. Dep't of Corr., No. CIVS050113-FCD-

20    GGH-P, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a

21    constitutional right to a prison job, much less to a particular job, he is not entitled to due process

22    procedural protections prior to being deprived of his work, nor is he consᵗitutionally entitled to

23    any back wages for the loss of that job nor to reinstatement in his old position, which

24    reinstatement he has nevertheless apparently attained at this point."); see also Rainer v. Chapman,

25    513 F. App'x. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the

26    California prisoner-plaintiff's "due process claims based on his removal from his work

27    assignment and transfer from the facility where his job was located because these allegations did

28    not give rise to a constitutionally protected liberty or property interest"); Barno v. Ryan, 399 F.

App'x. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights).

### C. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, No. CIV S-03-0324 FCD EFB P, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

///

Plaintiff states that he was denied equal protection of the law.  However, Plaintiff has failed to set forth facts demonstrating any of the Defendants acted with intentional discrimination. Additionally, Plaintiff does not allege that he is a member of a suspect classification under the Equal Protection Clause.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

**D.      Further Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the Court, further leave to amend would be futile and the second amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). For this reason, further leave to amend the complaint should be denied.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's retaliation claim against Defendant T. Isman; and

2.      All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

1   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written

2   objections with the Court, limited to 15 pages in length, including exhibits.  The document should

3   be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

4   advised that failure to file objections within the specified time may result in the waiver of rights

5   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

6   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

7

8   IT IS SO ORDERED.

9   Dated:   **January 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

8