UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES MROZEK,<br><br>  Plaintiff,<br><br>  v.<br><br>T. ISMAN,<br><br>  Defendant. | No. 1:24-cv-00664-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE GRANTED<br><br>(ECF No. 42) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint, along with a proposed third amended complaint, filed November 13, 2025. (ECF No. 42.) On November 1613, 2025, Defendant filed a notice of non-opposition to Plaintiff's motion. (ECF No. 44.)

**I.**

**DISCUSSION**

Federal Rule of Civil Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). The Court must be especially generous permitting a pro se plaintiff to amend his or her pleadings. See Ramirez v. Galaza, 334 F.3d 850,

1

1  861 (9th Cir. 2003) (noting leave to amend "should be granted more liberally to pro se
2  plaintiffs"). Considering the liberality espoused by the Federal Rules, the Court should not deny a
3  motion to amend "unless amendment would cause prejudice to the opposing party, is sought in
4  bad faith, is futile, or creates undue delay." Yakama Indian Nation v. State of Wash. Dep't of
5  Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999); see also Foman v. Davis, 371 U.S. 178, 182
6  (1962).

7      Here, Plaintiff "seeks leave to amend to clarify factual allegations, correct technical
8  deficiencies, and ensure full compliance with the Federal Rules of Civil Procedure and the Local
9  Rules of this Court." (ECF No. 42.) Defendant does not oppose Plaintiff's motion to amend, but
10 "notes for the Court that Plaintiff's proposed complaint names Defendant in his official and
11 individual capacity, which is improper and would subject the complaint to a motion to dismiss."
12 (ECF No. 44 at 1.) Defendant also "notes that Plaintiff seeks injunctive relief requiring Sierra
13 Conservation Center (SCC) to provide adequate PPE in the welding class. (ECF No. 43 at p. 5.)
14 However, Plaintiff was transferred to the Correctional Training Facility in Soledad, so Plaintiff
15 cannot seek injunctive relief against SCC." (ECF No. 44 at 1-2.)

16     Plaintiff's motion to amend shall be granted. Given that Plaintiff seeks only to clarify his
17 allegations and correct certain deficiencies, the Court finds that Plaintiff's motion satisfies Rule
18 15. Based upon a review of Plaintiff's proposed third amended complaint, Defendant correctly
19 points out that Plaintiff seeks to name Defendant in his official as well as individual capacity and
20 seeks injunctive relief directed at SCC.[1] (ECF No. 43 at 3, 5.) However, "[t]he Eleventh
21 Amendment bars suits for money damages in federal court against a state, its agencies, and state
22 officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th
23 Cir. 2007). In addition, because Plaintiff was transferred to the Correctional Training Facility in
24 Soledad, he cannot seek injunctive relief against SCC.[2] Rupe v. Cate, 688 F. Supp. 2d 1035, 1043
25 (E.D. Cal. 2010) ("Prisoners who have been released from prison or transferred to a different

---

[1] The Court exercises its discretion to screen the proposed third amended complaint. See Hebrard v. Nofziger, 90 F.4th 1000, 1006 (9th Cir. 2024) ("Under the PLRA, a court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted.") (internal quotation marks omitted).

[2] See ECF No. 1.

prison may not sue for injunctive relief because they would no longer benefit from having the injunction issued.")  Therefore, Plaintiff's official capacity claim and request for injunctive relief against SCC should be dismissed from the third amended complaint.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend the complaint filed on November 13, 2025 (ECF No. 42), be granted;

2. Plaintiff's third amended complaint lodged on November 13, 2025, (ECF No. 43), be filed; and

3. Plaintiff's official capacity claim and request for injunctive relief against SCC be dismissed from the third amended complaint.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14)** days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 5, 2025__

STANLEY A. BOONE
United States Magistrate Judge

3