UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES MROZEK, | No.  1:24-cv-00664-KES-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| PATRICK EATON, et al., | (ECF No. 52) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed January 26, 2026.

Plaintiff seeks appointment of counsel because he has limited ability to litigate the matter, the complexity of the legal issues involved, the likelihood that this case will require discovery, motion practice, and potential trial.  (ECF No. 52.)

As Plaintiff acknowledges, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

Here, this case is proceeding on Plaintiff's retaliation claim against Defendant T. Isman. Plaintiff has not presented exceptional circumstances warranting the appointment of such counsel.

Neither the claims asserted nor the relevant events and transactions are complex.  See Bonin v. Vasquez, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential ... the need for such discovery does not necessarily qualify the issues involved as 'complex' "); Williams v. Whitehurst, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect").

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. See Dijkstra v. Campos, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case' "); Gipbsin v. Kernan, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); Robinson v. Cryer, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021)

("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face"). Callender v. Ramm, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); Galvan v. Fox, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); Wilborn, 789 F.2d at 1331 (same); Ricks v. Austria, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); Thornton v. Schwarzenegger, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Plaintiff indicates that this case will likely involve conflicting testimony and may potentially proceed to trial.  However, all cases that proceed to discovery likely involve conflicting testimony and may proceed to trial.  Plaintiff's statement that the issues in this case are extremely complex is conclusory and, without more, is not a basis for the Court to require the appointment of counsel. See Rand, 113 F.3d at 1525 ("[A]ny pro se litigant certainly would be better served with the assistance of counsel").  In addition, a review of the record demonstrates that Plaintiff has adequately litigated this case to date and successfully amended the complaint. (ECF No. 45.)  Accordingly, Plaintiff's motion for appointment of counsel is denied without

3

prejudice.

IT IS SO ORDERED.

Dated:   **January 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge