UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES MROZEK,<br><br>              Plaintiff,<br><br>    v.<br><br>T. ISMAN,<br><br>              Defendant. | No.  1:24-cv-00664-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM WITHOUT PREJUDICE<br><br>(ECF No. 56) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for issuance and service of a subpoena duces tecum on the custodian of records at the Sierra Conservation Center, filed April 16, 2026.

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas.  A subpoena duces tecum directs a non-party to an action to produce documents or other tangible objects for inspection and must be personally served. Fed. R. Civ. P. 45(b). Plaintiff is proceeding in forma pauperis and is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d).  However, the Court's authorization of a subpoena duces tecum requested by a plaintiff proceeding in forma pauperis is subject to limitations. "Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the Court." Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled

1

to have the benefit of this Court's vigilance" in considering these factors. Id.

The Court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Also, the Court must consider the burden and expense to the non-party set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d).  In addition, a motion requesting the issuance of a subpoena duces tecum should be supported by the clear identification of the documents sought and from whom, and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii). In addition, courts are reluctant to require a non-party to provide discovery documents that can be produced by a party. See, e.g., Moon v. SCP Pool Corp., 232 F.R.D. 633, 638 (C.D. Cal. 2005).

Here, Plaintiff requests that the court issue a subpoena duces tecum directed to the custodian of records at the Sierra Conservation Center.  However, Plaintiff fails to describe the relevance of the documentation to his retaliation claim against Defendant T. Isman.  Plaintiff also fails to demonstrate that the documentation he seeks could not be obtained from Defendant Isman through a request for production of documents.   Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for issuance of a subpoena duces tecum (ECF No. 56) is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2