UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRADLEY JAMES MROZEK,

           Plaintiff,

   v.

T. ISAMAN,

           Defendant.

No. 1:24-cv-00664-KES-SAB (PC)

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, DIRECTING CLERK OF COURT TO FILE PROPOSED FOURTH AMENDED COMPLAINT, AND DENYING DEFENDANT'S MOTION TO STAY AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME

(ECF Nos. 54, 55, 58, 59)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint, filed April 6, 2026.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's retaliation claim against Defendant T. Isa man.

On September 10, 2025, the Court issued the discovery and scheduling order. (ECF No. 41.)

On January 13, 2026, the Court granted Plaintiff's motion to amend the complaint, and

1

ordered Plaintiff's third amended complaint be filed as the operative complaint in this action.[1] (ECF Nos. 49, 50.)

Defendant filed an answer to the third amended complaint on January 26, 2026.  (ECF No. 51.)

On April 6, 2026, Plaintiff filed a second motion to amend the complaint, along with a proposed fourth amended complaint.  (ECF Nos. 54, 55.)  Defendant filed an opposition on April 24, 2026.  (ECF No. 58.)

On May 13, 2026, Plaintiff filed a motion to extend the deadline for discovery.  (ECF No. 59.)

On May 20, 2026, Plaintiff filed a reply to Defendant's opposition.  (ECF No. 60.)

**II.**

**LEGAL STANDARD**

A party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." Id. That policy should be "applied with extreme liberality." United States v. $11,500 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013) (quoting Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)).

District courts should consider the following factors when deciding whether to grant leave to amend: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previously allowed amendments; (4) prejudice to the opposing party; and (5) futility. Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574 (9th Cir. 2020) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

---

[1] Plaintiff's request was granted "to clarify factual allegations, correct technical deficiencies, and ensure full compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court."  (ECF Nos. 42, 45.)

Eminence Cap., LLC, 316 F.3d at 1052.

"[O]nce a scheduling order has been issued in a case, amendments to pleadings are governed in the first instance by Rule 16 rather than Rule 15." Soto v. Gines, No. 11–CV–235–LAB (JMA), 2013 WL 4517296, at *1 (S.D. Cal. Aug. 22, 2013) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992)); see also C.F. v. Capistrano Unified Sch. Dist., 647 F.Supp.2d 1187, 1190 (C.D. Cal. July 27, 2009) ("In the Ninth Circuit, a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)."). Under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard considers the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. If good cause is shown, the party must then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Id.; see also Fed. R. Civ. P. 15, 16(b).

**III.**

**DISCUSSION**

Plaintiff seeks to add a new Defendant (Audrey Cox) and two additional claims (retaliation and deliberate indifference) in his proposed amended complaint.  (ECF No. 54.) Plaintiff submits that he first identified Audrey Cox's personal and direct participation in the alleged violations through discovery responses.  (Id.)

Defendant opposes Plaintiff's motion because: (1) the motion is untimely as the deadline to file an amended complaint expired on December 10, 2025, and Plaintiff has failed to establish excusable neglect; (2) amendment would cause undue delay and prejudice; and (3) amendment is futile.  (ECF No. 58.)

In response, and of significant note, Plaintiff seeks to withdraw his Eighth Amendment failure to protect claim against Defendant Cox.  (ECF No. 60 at 7.)  Accordingly, Plaintiff only seeks to add a retaliation claim against Defendant Cox.  In this regard, Plaintiff argues that he "only learned of Cox[']s actual participation of authoring Isaman's reports, originally presented to be done by Isaman, after he received his discovery. … [which] she then, subsequently, dishonestly used to generate Rule Violation Report (RVR) to remove him."  (ECF No. 60 at 2, 4.)

3

For the following reasons, Plaintiff's motion to amend shall be granted.[2]

      **A.**    **Timeliness Under Rule 16**

Plaintiff filed the instant motion to amend on March 31, 2026[3]-approximately four months after the December 10, 2025, deadline to amend the pleadings.  (ECF Nos. 54, 55.)

Defendant argues that he will be prejudiced by the amendment, the length of delay is significant, Plaintiff fails to provide adequate reason for the four-month delay, and the motion is not made in good faith.

Plaintiff argues that "[w]ith the new information only becoming available during discovery, pursuant to Fed.R.Civ.P. 16(b)(4), good cause should allow for the extension of all according deadlines."  (ECF No. 5 at 5.)  Plaintiff reasons as follows:

> Both parties were still within (40) days of the discovery deadline when Plaintiff submitted his proposed amendment.  Defendants' deposition was scheduled six days after Plaintiff[']s filing, and with three months remaining until the scheduled deadline.  No summary judgments had been filed, and no trial date had been set.  Plaintiff's additional defendant had only materialized during discovery submitted to plaintiff on February 26, 2026.  This is where Plaintiff was made aware of Cox[']s direct participation to remove Plaintiff from his assignment.  Plaintiff promptly rewrote and submitted an amended complaint that contained new factual allegations to describe Cox[']s participation once the new facts were made available.  However, during multiple lock-downs and program closures that impeded access to the law library and copy machines, Plaintiff made every attempt to avoid undue delay.

(ECF No. 5 at 1-15.)

Defendant argues that progress report does not provide the basis of his retaliation claim because Plaintiff received a letter from the warden, dated June 16, 2022, which explains that Cox removed Plaintiff from vocational training.  (ECF No. 58 at 4-5.)  In response, Plaintiff argues the June 16, 2022, letter by the warden "does not specifically out-line or inform Plaintiff" of the potential claim against Defendant Cox.  (ECF No. 60 at 4.)  The Court agrees with Plaintiff.  The

---

[2] See Dillon v. Legacy Health, No. 3:24-cv-01187-SB, 2025 WL 1201757, at *1 n. 2 (D. Or. Apr. 24, 2025) (magistrate judges have authority to grant motions for leave to amend because such a disposition is considered non-dispositive); see also Bastidas v. Chappell, 791 F.3d 1155, 1165 (9th Cir. 2015) ("It should be no surprise that the magistrate judge's decision to grant amotion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely.")

[3]  Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

June 16, 2022, letter, states "it was determined you were removed from the Welding program on January 6, 2022, by Vocational Administrator A. Cox because Instructor T. Isaman does not have the provisions to perform this task." (ECF No. 58, Ex. A.) It is reasonable to interpret this to mean, as Plaintiff suggests, that A. Cox relied on Isaman's progress reports to remove him from the welding program. (Id.) Accordingly, the Court finds that Plaintiff acted diligently in seeking amendment and good cause exists under Rule 16. The Court now turns to Rule 15(a) to determine whether Plaintiff's requested amendment to the complaint should be granted. Hood v. Hartford Life & Acc. Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) ("Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper.").

### B.    Undue Delay and Prejudice Under Rule 15

Defendant argues that Plaintiff unduly delayed in bringing the instant motion to amend and he will be prejudiced by the proposed amendment. Defendant argues that Plaintiff waited two years to add Cox as a Defendant despite knowing that she was involved in the events underlying this case from the beginning.

In contrast, Plaintiff argues that he was not aware prior to discovery that a progress report was actually authored by Cox which ultimately led to issuance of a Rules Violation Report. "The progress report was signed by Isaman and made to believe that Isaman authored the report requesting Plaintiffs removal with the supervisor, Cox, signing off as the "Reviewing Authority." Plaintiff submits that he "filed to amend the pleading only after it was revealed that Cox wrote the progress report in Isaman's name that ad[v]ersely effected Plaintiff."  Plaintiff further submits that the subsequent RVR, Log #7151469, to the progress report, Supervisor Cox explicitly states 'As of 1/5/2022 [Plaintiff] has not completed the task which has been documented via unsatisfactory educational record progress report 128E, dated 1/5/22, written by Vocational Instructor T. Isaman." (ECF No. 60 at 6:10-14.) Thus, "Plaintiff was led to believe that Isaman was the one responsible for submitting the report requesting his removal." (Id. at 6:18-19.)

In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v.

Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990). Additionally, the Court examines whether "permitting an amendment would ... produce an undue delay in the litigation." Id. at 1387.

The Court does not find that Plaintiff unduly delayed in filing the instant motion to amend given the fact that, prior to discovery, he believed Defendant Isaman authored the progress report and was solely responsible for his removal from the welding program. Indeed, as Plaintiff points out, he filed the instant motion prior to the close of discovery, no dispositive motion has been filed, and there is no trial date.

Defendant also argues that he will be prejudiced because "the discovery process will need to restart to account for an entirely new set of pleadings and a new defendant. This will require new written discovery, another deposition, and potentially additional motions." (ECF No. 58 at 6:19-21.)

Plaintiff counters that the proposed amendment "concerns the same underlying incidents, constitutional violations, witnesses, and course of conduct already at issue in this litigation. The proposed amendment does not radically alter the nature of the action or introduce unrelated claims." (ECF No. 60 at 6-7.)

Undue prejudice to the opposing party is the most important factor in deciding whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). " 'Undue prejudice' means substantial prejudice or substantial negative effect." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Ninth Circuit has found such "substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.' " Id.

The Court does not find undue or substantial prejudice in permitting the proposed amendment. While granting Plaintiff's motion to amend will delay resolution of this action for Defendant Isaman, the retaliation claim against Defendant Cox shares the same operative facts

and law.[4]  Indeed, Defendant has not adequately explained how the litigation strategy will differ given that Plaintiff is already proceeding on a similar retaliation claim.  Further, the need to reopen discovery alone is an insufficient showing of prejudice.  Although "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint[,]" Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999), "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." Mendia v. Garcia, 165 F. Supp. 3d 861, 874 (N.D. Cal. 2016) (citation omitted).  Based on these circumstances, the Court finds that the prejudice to Defendant Isaman from allowing Plaintiff to amend the complaint is minimal.

### C.    Futility Under Rule 15

Defendant argues that the proposed amendment is futile because Plaintiff has failed to state a cognizable retaliation claim against Defendant Cox.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). To properly allege retaliatory motive, a plaintiff must allege facts demonstrating that plaintiff's protected conduct was the "substantial" or "motivating" factor behind defendant's conduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).

In the proposed fourth amended complaint, Plaintiff alleges on December 20, 2021, he filed a staff complaint against Cox on December 20, 2021, and that Cox initiated Plaintiff's removal from vocational welding on January 5, 2022. (ECF No. 55 at ¶¶ 38, 41.) Plaintiff alleges that Cox issued Plaintiff a Rules Violation Report (RVR) on January 6, 2022, which cited to Defendant Isaman's January 5, 2022, progress report. (Id. at ¶¶ 40, 43.)  Plaintiff further claims

---

[4] The discovery deadline expired on May 10, 2026, and Plaintiff has filed a motion to extend the discovery deadline to resolve outstanding discovery requests.  (ECF Nos. 41, 59.)

that the progress report is fabricated and was actually drafted by Cox. (Id. at ¶ 44.)  Plaintiff submits that the sequence and timing of the actions demonstrate retaliation. (Id. at ¶ 45.)

Defendant argues that Plaintiff has failed to allege that Defendant Cox was aware of any alleged complaint and/or grievance filed against her.

In response, Plaintiff argues that: (1) he engaged in protected conduct by filing a staff complaint on December 20, 2021, against Cox for alleged dangerous work conditions; (2) Cox took adverse action by fabricating a progress report, under Defendant Isaman's name, enabling her to author a false RVR; and (3) such retaliatory act would chill or silence a person of ordinary firmness.   Plaintiff submits that he has shown Cox was aware of staff complaint, dated December 20, 2021, based on her response to his request for interview.  (ECF No. 60 at 10.)

Liberally construed, the Court finds that Plaintiff has sufficiently alleged a chronology of events from which a retaliatory intent can be reasonably inferred.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (recognizing that, because "direct evidence of retaliatory intent rarely can be pleaded in a complaint," allegations "of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal"); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Emeldi v. Univ. of Oregon, 698 F.3d 715, 726 (9th Cir. 2012) ("the proximity in time between Emeldi's complaint to Friestad about Horner and Horner's resignation as her dissertation chair is strong circumstantial evidence of causation"). Accordingly, Plaintiff states a cognizable claim of retaliation against Defendant Cox.

**IV.**

**CONCLUSION AND ORDER**

In light of this order and on the basis of good cause, the Court will sua sponte extend the discovery and dispositive motion deadlines.  In addition, by way of separate order, the Court will direct service on Defendant Audrey Cox.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion to amend the complaint is granted as to the retaliation claim against Defendant Cox;

2. The Clerk of Court is directed to file the fourth amended complaint lodged on April 6, 2026, (ECF No. 54);

3. The deadline for completion of discovery is extended to **October 21, 2026**, and the deadline to file a dispositive motion is extended to **December 21, 2026**; and

4. Defendant's request to stay the discovery deadline and Plaintiff's motion for an extension of the discovery deadline are denied as moot.

IT IS SO ORDERED.

Dated:   **May 21, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

9